UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EMILY HERX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO: 1:12-CV-122-RLM-RBC |
| | ) |
| DIOCESE OF FORT WAYNE- | ) |
| SOUTH BEND INC. AND ST. VINCENT | ) |
| DE PAUL SCHOOL, | ) |
| | ) |
|     Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

(1) Pursuant to Fed. R. Civ. P. 26(f), a telephone meeting was held on the 31st day of May, 2012, and was attended by:

    Kathleen A. DeLaney and Sarah E. Caldwell for Plaintiff, Emily Herx, and

    Scott Hall and John C. Theisen for Defendants, Diocese of Fort Wayne – South Bend, Inc. and St. Vincent de Paul School.

(2) PRE-DISCOVERY DISCLOSURES: The parties will exchange on or before **June 29, 2012**, the information required by Fed. R. Civ. P. 26(a) (1) and the parties will file Notices of Service of Initial Disclosures with the Court on or before the same date.

(3) DISCOVERY PLAN: The parties jointly propose to the Court the following discovery plan:

The Defendants intend to file a Motion for Judgment on the Pleadings relating to the religious employer exemptions under Title VII and the ADA, and the First Amendment of the Constitution of the United States (see Par. (4)(a) Requested Early Motions) and are requesting that all discovery be stayed until a decision on that Motion. The Plaintiff opposes any stay of discovery.

    a. Plaintiff's claims that Defendants violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), including the Pregnancy Discrimination Act, and Title I of the Americans with Disabilities Act ("ADA");

    b. Defendants' denials and affirmative defenses to Plaintiff's allegations; and

        c.        The extent, nature, severity and amount of Plaintiff's damages and whether Plaintiff mitigated her damages.

The parties propose the following guidelines and limitations regarding the discovery of electronically stored information ("ESI"):

a.        <u>Search for Documents</u>.  Plaintiff served document preservation letters on both Defendants on April 27, 2012.  After receiving requests for document production, the parties shall search and produce responsive documents in accordance with the Federal Rules of Civil Procedure.  The parties have agreed that electronically stored information responsive to discovery requests shall be produced to the requesting party in a commercially reasonable manner, unless the parties agree to a different format of production on a case by case basis.  Requests for the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, shall be evaluated on a case-by-case basis.  The parties shall make reasonable, good faith attempts to resolve any such requests, including issues of the costs associated with any such examination, before involving the Court in this or any other discovery issue.  E-mails responsive to any valid discovery request shall be produced along with any files that were attached to each email.  The parties will exchange responsive and discoverable ESI in TIFF, PDF, DOC, or XLS format with the following Metadata fields, to the extent such fields exist:

    1.    Date created
    2.    Date last modified/versions
    3.    Author
    4.    Date sent
    5.    Date received
    6.    Recipients (cc's and bcc's)
    7.    Subject/title
    8.    Document name/file name

The parties agree that production of ESI in TIFF, PDF, DOC, or XLS format with the above-referenced Metadata fields (to the extent such fields exist) is "reasonably useable" under Rule 34(b).

b. <u>Search Methodology</u>. If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose any known restrictions as to the scope and method that might affect their ability to conduct a complete electronic search of the electronic documents.  The parties will work in good faith to agree upon search terms in an effort to locate ESI.  Cost allocation will be negotiated in the discretion of any of the parties.  The parties reserve the right to object to any electronic search or the search terms proposed.

c. <u>Preservation of Data</u>.  The parties agree to preserve all electronically stored information relevant to either party's claims or defenses in its native form, including all attendant metadata.

d. <u>Inadvertent Disclosure of Privileged Information</u>. Under Rule 26(b)(5)(B), the inadvertent

production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege or work product doctrine immunity, provided that the producing party promptly notifies the receiving party of the inadvertent production. Upon notification, the receiving party shall retrieve and return any such material, and the receiving party's counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information. The producing party must also preserve the information until any dispute regarding the ESI or document is resolved.

In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form ESI is produced may be further limited or modified by agreement by the parties.

The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense.

(c)   The last date for the completion of all discovery is **March 29, 2013.**

(d)   Maximum of 35 Interrogatories by Defendants to Plaintiff and by Plaintiff to Defendants. Responses due 30 days after service.

(e)   Maximum of 45 Requests for Production by Defendants to Plaintiff and by Plaintiff to Defendants. Responses due 30 days after service.

(f)   Maximum of 35 Requests for Admissions by Defendants to Plaintiff and by Plaintiff to Defendants. Responses due 30 days after service.

(g)   Maximum of six (6) depositions by Plaintiff and six (6) by Defendants. Each deposition is limited to maximum of seven (7) hours unless extended by agreement of the parties.

(h)   Reports from retained experts under Rule 26(a)(2) due:

>   from Plaintiff by **January 15, 2013**;
>   from Defendants by **February 15, 2013.**

Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, shall be filed within fourteen (14) days from the adverse party's receipt of the expert report. Counsel stipulates that a failure to file such objections is a waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent.

(i)   Supplementation under Rule 26(e) consistent with Rule 26(a)(1) are due no later than

thirty (30) days from the date a party learns that a disclosure or response is materially incomplete.

(4) <u>OTHER ITEMS:</u>

(a) <u>Requested Early Motions</u> With the Court's permission, the Defendants would like to file a Motion for Judgment on the Pleadings on the issues related to the religious employer exemptions under Title VII and the ADA, and the First Amendment of the Constitution of the United States.  The Defendants would like permission to do so on or before August 15, 2012.  To the extent any matters outside the pleadings are presented and not excluded by the Court, the motion will be treated as one for summary judgment under Rule 56.  The Plaintiff shall have 30 days to file her response and the Defendants shall have 15 days to file their reply.  The Defendants also would request the Court's permission to file a summary judgment motion on the ministerial exception, either with or subsequent to the filing of the motion to be filed by August 15, 2012.  The Plaintiff shall have 30 days to respond and the Defendants' reply is due 15 days later.

(b) The Court has scheduled a Pretrial Conference for Thursday, **July 12, 2012** at 11:00 A.M.

(c) The last date for Plaintiff to seek leave of court to join additional parties and to amend the pleadings is **July 20, 2012**.

(d) The last date for the Defendants to seek leave of court to join additional parties and to amend the pleadings is **August 1, 2012**.

(e) The last date for filing of all potentially dispositive motions is **April 29, 2013**. Plaintiff shall have thirty (30) days in which to respond to Defendants' Motion for Summary Judgment.  Defendants shall have fifteen (15) days to Reply to Plaintiff's Answer.

(f) Counsel have not participated in any Settlement Conference as of the date of this Report.

(g) The parties have agreed upon Attorney Dan Sigler as mediator. Thirty (30) days before the final pretrial conference counsel will provide a written status report to the ADR administrator regarding the status of mediation.

(h) The timing of filing pretrial disclosures under Fed. R. Civ. P. 26 (a) (3) shall be governed by separate order.

(i) The case should be ready for jury trial by **August 19, 2013**, and at this time is expected to take approximately five (5) days.

Counsel are aware that the Court has various audio / visual and evidence presentation equipment available for use at trial at no cost to the Bar. Counsel know that this includes an evidence presentation

system, which consists of document camera, digital projector, and screen.  Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer.  The document camera may be used to display documents, photographs, charts, transparencies, and small objects.  Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

Dated:   June 6, 2012                                             Dated:   June 6, 2012

DELANEY & DELANEY LLC                              HALL & GOODEN LLP


 /s/ Kathleen A. DeLaney                                      /s/ Scott Hall (by consent)

| Kathleen A. DeLaney, Esq.<br>Sarah Elizabeth Caldwell, Esq.<br>3646 Washington Blvd<br>Indianapolis, IN 46205<br>Telephone: (317) 920-0400<br>Fax: (317) 920 - 0404<br><br>Attorneys for Plaintiffs | Scott Hall, #12060-49<br>810 South Calhoun Street, Suite 100<br>Fort Wayne, IN 46802<br>Telephone: (260) 422-2035<br>Fax: (260) 424-2541<br><br>THEISEN BOWERS & ASSOCIATES, LLC<br><br>John C. Theisen, #549-02<br>810 South Calhoun Street, Suite 200<br>Fort Wayne, IN 46802<br>Telephone:  (260) 422-4255<br>Fax: (260) 422-4245<br><br>Attorneys for Defendants |