UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EMILY HERZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:12-CV-122 RM |
| | ) | |
| DIOCESE OF FORT WAYNE – | ) | |
| SOUTH BEND, INC. and | ) | |
| ST. VINCENT DE PAUL SCHOOL, | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

Emily Herz filed her complaint against the Diocese of Fort Wayne-South

Bend and the St. Vincent de Paul School on April 20, 2012, alleging employment

discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e *et seq.,* the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k),

and Title I of the Americans with Disabilities Act, 42 U.S.C.§ 12101 *et seq.* In

June, the Diocese and St. Vincent's School moved for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c), arguing that Ms. Herx's

complaint should be dismissed based on statutory exceptions/defenses of Title VII

and the ADA, or, alternatively, the unconstitutionality of Title VII and the ADA as

applied to them. The defendants also asked that discovery be stayed pending the

court's ruling on their Rule 12(c) motion. In response, Ms. Herx filed a motion to

stay briefing on the defendants' motion pending completion of discovery.

Magistrate Judge Roger B. Cosbey held a telephonic hearing on July 12 on the

defendants' motion to stay discovery and the plaintiff's motion to stay briefing and, after hearing the parties' arguments, granted the defendants' motion to stay discovery and denied the plaintiff's motion to stay briefing.

Ms. Herx has filed her objections to Magistrate Judge Cosbey's denial of her motion to stay briefing on the defendants' motion for judgment on the pleadings and his decision to stay discovery pending ruling on the Rule 12(c) motion. Ms. Herx maintains this case "is not yet ripe for decision on a dispositive motion, and [she] is entitled to discovery in this fact-sensitive case." She asks the court to overrule the magistrate judge's July 12 rulings, convert the defendants' Rule 12(c) motion to a motion for summary judgment, and allow her to complete discovery.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that once a timely objection to a magistrate judge's decision has been filed, a court may modify or reverse any portion of a magistrate judge's decision on a non-dispositive issue upon a showing that the decision is clearly erroneous or contrary to law. *See* Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 594-595 (7th Cir. 2006) ("The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo."). Under the clearly erroneous standard, the reviewing court "is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate

judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." Berman v. Congressional Towers Ltd. P'ship, 325 F. Supp. 2d 590, 592 (D.Md. 2004); *see also* Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) (district court can overturn magistrate judge's ruling only if "left with the definite and firm conviction that a mistake has been made"); F.T.C. v. Pacific First Benefit, LLC, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (magistrate judge's ruling should be set aside or modified only if it contains "some clearly apparent mistake"). If the case permits two permissible views, the magistrate judge's ruling shouldn't be overturned solely because the reviewing court would have chosen the other view. Hunter v. Dutton, No. 06-0444, 2009 WL 230088, at *1 (S.D. Ill. Jan. 30, 2009).

DISCUSSION

Ms. Herx argues, first, that the defendants' Rule 12(c) motion should be converted to one for summary judgment because, Ms. Herx says, the motion presents matters outside the pleadings, specifically the defendants' reference to the Catechism of the Catholic Church, which isn't part of the record in this cause. Ms. Herx next disputes the defendants' claim that they haven't placed the ministerial exception at issue; according to Ms. Herx, the defendants "clearly placed" the ministerial exception at issue when they asserted it as an affirmative defense. Ms. Herx says the defendants shouldn't be permitted to delay discovery

relating to the Catholic Catechism or the ministerial exception because those issues can't be properly decided without a full evidentiary record.

Ms. Herx challenges the defendants' reference to themselves as a "religious employer," noting that they "never affirmatively plead that they qualify as a religious employer under the statute." Pltf. Br., at 8 n.2. Ms. Herx complains that the defendants' reliance on the religious employer exceptions/defenses under Title VII and the ADA is misplaced because her complaint contains no claims of religious discrimination and, further, the defendants' "as applied" constitutional challenge to Title VII and the ADA can't be evaluated by her or the court without reference to materials outside the record. Ms. Herx asserts that the motion should be converted to one for summary judgment and she should be allowed to conduct discovery before filing a response.

Ms. Herx hasn't argued or shown that the magistrate judge's July 12 order was clearly erroneous or contrary to law as required by Federal Rule of Civil Procedure 72(a). She argues that the defendants' motion for judgment on the pleadings is an attempt to take advantage of exceptions and defenses not available to them under Title VII or the ADA and that their constitutional challenges to those statutes necessarily involve application of the ministerial exception, but those arguments are more properly advanced in a response to the Rule 12(c) motion. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Mart v. Berkshire Hathaway, Inc., No. 3:10-CV-118, 2011 WL 924281, at *4 (N.D. Ind. Mar. 14, 2011) (internal quotation

and citation omitted). Ms. Herx hasn't argued that Magistrate Judge Cosbey
misapplied any statutes, laws, or rules, and her disagreement with his decision
doesn't establish that his order was clearly erroneous or contrary to law as
required by Rule 72(a).

Magistrate Judge Cosbey told the parties at the July 12 hearing that he had
reviewed the parties' filings, including the defendants' Rule 12(c) motion and the
discovery requests tendered by Ms. Herx; he heard argument from counsel on the
motions to stay discovery and to stay briefing and concluded, based on his
consideration of the record as a whole, that the motion for judgment on the
pleadings was sufficiently narrow to allow consideration of the motion without
converting it to one for summary judgment. The magistrate judge found that

> the record is complete in the sense that we have a detailed complaint,
> we have the answer, we have the documents that are at least part of
> the answer or which the court could take judicial notice of. I don't
> think it's necessary that the court convert [the Rule 12(c) motion] to
> a motion for summary judgment. . . . [T]he court can consider . . . the
> matter based on the record as it currently exists. . . . I think that the
> proper way to proceed is to allow the motion to go forward and to be
> briefed out. . . .[T]he plaintiff has developed a full package of
> discovery, which I . . . think [is] going to give rise to a host of
> discovery disputes. Where on the other hand, the court may be able
> to at least – on the one hand, determine whether or not the [plaintiff]
> has some arguable basis for liability on the part of the diocese and,
> if so, what is it? Which may very well tailor discovery, knowing it, in
> a sense. So I think that the proper way to proceed, given all these
> considerations, is to grant the defendant's motion for stay of
> discovery . . . pending the outcome of the motion for judgment on the
> pleadings, and deny the plaintiff's motion, . . . the motion to stay
> briefing on the motion for judgment on the pleadings.

Tr., at 25-26. The magistrate judge decided, too, that proceeding in this manner
would serve the interest of judicial economy and help to minimize discovery

burdens on the parties. The court agrees that addressing the merits of the defendants' Rule 12(c) motion is the better course.

CONCLUSION

Based on the foregoing, the court concludes Ms. Herx hasn't demonstrated that Magistrate Judge Cosbey's rulings are clearly erroneous or contrary to law. Ms. Herx's objections [docket # 36] are OVERRULED, and the magistrate judge's July 12, 2012 rulings [docket # 33] are AFFIRMED in their entirety.

SO ORDERED.

ENTERED:   __September 5, 2012__

__/s/ Robert L. Miller, Jr._____
Judge, United States District Court

6