UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMILY HERX, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 1:12-CV-122 RLM-RBC ) |
| DIOCESE OF FORT WAYNE-SOUTH BEND, INC. and ST. VINCENT DE PAUL SCHOOL, | ) ) ) ) ) |
| Defendants | ) |

## OPINION AND ORDER

On September 3, this court granted the defendants' summary judgment motion in part and denied it in part, leaving plaintiff Emily Herx's sex discrimination claim alive for trial, which is set for December 16. The reader's familiarity with that opinion and order is presumed for purposes of this opinion. No judgment was entered since the issues haven't been resolved. On September 12, defendants Diocese of Fort Wayne-South Bend, Inc. and St. Vincent De Paul School (collectively "the Diocese") filed a notice of appeal from the September 3 order and memorandum. Mrs. Herx's motion to dismiss that appeal pends in the court of appeals. The propriety of a pre-judgment appeal is between the parties and the court of appeals (as is what appears to be the Diocese's misunderstanding of the September 3 ruling), and despite the Diocese's implicit invitation, it isn't this court's place to comment on that issue.

But the December 16 five-day jury trial setting remains on this court's calendar, and on October 17, Mr. Herx filed a request for use of a supplemental juror questionnaire for use at that trial. The court deferred ruling to allow the Diocese to respond. Instead of addressing Mrs. Herx's request, the Diocese filed what it styled as its "Statement of Position Regarding Stay of District Court Proceedings," to which Mrs. Herx responded the following day.

In its statement, the Diocese explained that it is relying on the collateral order doctrine as support for jurisdiction over its appeal, and cites Apostal v. Gallion, 870 F.2d 1335 (7th Cir. 1989), for the proposition that the filing of a notice of appeal on collateral order grounds divests the district court of jurisdiction to proceed, at least unless the district court certifies that the appeal is frivolous or has been waived or forfeited. Apostal provides no support for that proposition.

Apostal addressed a very practical problem. The district courts had denied public officials' summary judgment motions based on qualified immunity in suits under 42 U.S.C. § 1983. Because the qualified immunity doctrine (when applicable) protects public officials against suits and not just judgments, a pretrial denial of a qualified immunity claim is immediately appealable. Mitchell v. Forsyth, 472 U.S. 511 (1985). The course taken by the district courts might push the public official defendants to trial before the court of appeals could decide whether the officials had a right not to be sued, much less tried. The Apostal court began its analysis by citing the general rule that only one court at a time can

handle a case, and that once a notice of appeal has been, the court of appeals is that one court. 870 F.2d at 1337. But the Apostal court noted, too, that the division of authority relies on practical considerations as well the general rule, as when a district court resolves issues of costs and attorney fees while the court of appeals considers the appeal on the merits. Id. The same rationale, the Apostal court explained, governs the "collateral order" doctrine, under which the district court can go about its business handling the principal claims in a case while the circuit court addresses "issues separate from the merits." 870 F.2d at 1338. From there, the Apostal court went on to consider which round hole — the general rule or the collateral order approach — the qualified immunity square peg best fit.

The collateral order doctrine is drawn narrowly so circuit and district courts don't get into each other's way while handling the same case: "An immediately appealable collateral order is one that (1) conclusively determines the disputed question; (2) resolves important issues separate from the merits; and (3) is effectively unreviewable on appeal from a final judgment." Abelesz v. Erste Group Bank AG, 695 F.3d 655, 659 (7th Cir. 2012); *see also* Ott v. City of Milwaukee, 682 F.3d 552, 554 (7th Cir. 2012) ("Collateral-order review is based on a 'practical' construction of 28 U.S.C. § 1291; it is not an exception to the final-judgment rule. . . . Immediate finality exists only for orders 'that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action.'") (*quoting* Digital Equip. Corp. v. Desktop Direct, Inc.,

511 U.S. 863, 867 (1994)). The Apostal court concluded that because the qualified immunity issue isn't separate from the merits, the general rule rather than the collateral order doctrine applies, and proceedings in the district court must cease, 870 F.2d at 1338 ("The trial is inextricably tied to the question of immunity, however. The question on an appeal under [*Mitchell v. Forsyth*, 472 U.S. 511 (1985)] is whether the defendant may be subjected to trial. The justification for the interlocutory appeal is that the trial destroys rights created by the immunity."), unless the appeal is frivolous or the defendant has waived immediate appeal of the qualified immunity issue. 870 F.2d 1339. Apostal didn't purport to change the previous rule that when the appeal relates to a collateral matter as ordinarily defined, the district court can proceed with determination of the merits.

The Diocese didn't pull its argument out of the ether; the Diocese quoted an unpublished court of appeals opinion addressing four emergency motions concerning a trial court injunction that followed notices of appeal: the unpublished opinion says that Apostal "holds that, once a litigant files a notice of appeal, a district court may not take any further action in the suit unless it certifies that the appeal is frivolous." O'Keefe v. Chisholm, Nos. 14-1822, etc., 2014 WL 1816324, at *1 (7th Cir. May 7, 2014). As just discussed, that was a savagely abridged explanation of Apostal: it defined the traditional general rule. But no discussion of the exception for the collateral matter doctrine was needed because O'Keefe didn't involve the collateral order doctrine. In an unpublished

4

opinion resolving emergency motions, no one should expect a brief statement of governing law to be annotated with all its exceptions.

So the filing of a notice of appeal of what the Diocese contends is a collateral order doesn't impede proceedings in this court. The court of appeals can order a stay if it finds it has jurisdiction, but the appellate case hasn't progressed that far. The Diocese hasn't obtained a stay from the court of appeals, sought a stay from this court, or asked this court for leave to appeal before judgment under 28 U.S.C. § 1291(b). Until one or more of these things happen, this court has ample authority to proceed.

This returns the discussion to Mrs. Herx's request for a supplemental jury questionnaire. The court AFFORDS the Diocese until October 31, 2014 within which to respond, if it wishes to do so.

SO ORERED.

ENTERED:   October 23, 2014   

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court