UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| EMILY HERX, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 1:12-CV-122 RLM |
|  | ) |  |
| DIOCESE OF FORT WAYNE – SOUTH BEND, INC., | ) |  |
|  | ) |  |
| Defendant | ) |  |

OPINION and ORDER

This case is before the court on the Diocese's motion to reduce the amount of damages awarded to Emily Herx in accordance with 42 U.S.C. § 1981a(b)(3)(D), which caps the combined award of compensatory damages and punitive damages at $300,000. The Diocese asks the court to reduce the jury's award of $1,750,000 in compensatory damages and $1.00 in punitive damages to $300,000, the jury's award of $125,000 for medical care to $35,038, and the $75,000 awarded by the jury for lost wages and benefits to $7,500.

Ms. Herx agrees that her damages are capped under the statute, but objects to the Diocese's calculations of the final award. Ms. Herx maintains, instead, that the compensatory damages awarded should be reduced to $299,999, which, when added to the punitive damage award of $1.00, would equal the statutory cap of $300,000. With respect to the remaining jury awards, Ms. Herx says the $125,000 awarded for medical care should remain in that amount, but the award of $75,000

for lost wages and benefits should be increased to $135,303, consisting of $88,450 in lost wages, $24,000 in lost tuition benefits for her son's education, and $22,853 in out-of-pocket insurance costs that resulted from her having to change her health care insurance following her termination.

The court agrees with the parties that the combined award for compensatory and punitive damages must be capped at $300,000. In accordance with Mrs. Herx's request, the award for compensatory damages will be reduced to $299,000 and the award of $1.00 for punitive damages will remain unchanged, for a total of $300,000.

The Diocese says the jury's award of $125,000 for medical care should fall within the $300,000 statutory cap and shouldn't include any amount for future pecuniary losses. The record shows that the parties agreed and the jury was instructed that the value of the medical care to be awarded could include "treatment from doctors, therapists, counselors, and prescription medications that Mrs. Herx reasonably needed and actually received, as well as the present value of the care that she is reasonably certain to need and receive in the future." Final Jury Instruction No. 14. Thus, the medical care award will remain unchanged.

The Diocese hasn't challenged Mrs. Herx's claim for lost wages in the amount of $88,450, but has challenged her request for lost tuition benefits of $24,000. According to the Diocese, Mrs. Herx agreed that her damage request didn't extend into 2014; the Diocese contests Mrs. Herx's claim to any tuition reimbursement, but says that if she is entitled to a tuition benefit, that benefit

2

should be limited to a period of 2-1/2 years, or $7,500 ($3,000 per year). The court agrees.

Having reviewed the parties' submissions and the trial record, the court concludes that the Diocese's motion [docket # 205] should be GRANTED IN PART and DENIED IN PART as follows:

    (a) the award of compensatory damage is reduced to $299,999;

    (b) the punitive damages award of $1.00 remains unchanged;

    (c) the award for medical care of $125,000 remains unchanged;

    (d) the award for lost wages and benefits is increased to $118,803, consisting of $88,450 for lost wages, $7,500 for lost tuition benefits for her son for 2-1/2 years, and $22,853 for post-termination out-of-pocket health care costs.

The Clerk is directed to enter judgment in favor of Emily Herx and against the Diocese in the total amount of $543,803.00.

SO ORDERED.

ENTERED:   January 12, 2015

                                         /s/ Robert L. Miller, Jr.
                                         Judge, United States District Court