UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EMILY HERX, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:12-CV-122 RLM |
| | ) | |
| DIOCESE OF FORT WAYNE – SOUTH BEND, INC., | ) | |
| | ) | |
| Defendant | ) | |

OPINION and ORDER

Emily Herx has filed a motion for writ of execution of the August 6, 2015 judgment entered against the Diocese of Fort Wayne-South Bend, Inc. Mrs. Herx asks that the Diocese be required to pay the total amount of the judgment, plus post-judgment interest, or, if the Diocese has insufficient funds available, the judgment be satisfied by the sale of Diocese property. In response, the Diocese filed a notice of appeal and its requests that enforcement of the judgment be stayed pending appeal and that it not be required to post a bond or other security. Mrs. Herx objects to staying execution of judgment and to the Diocese's request that it be excused from posting a bond.

Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay of the execution of a judgment by posting a bond. The Diocese has filed an

appeal and seeks a stay, but wants to be excused from the requirement of posting a bond. In deciding whether the bond requirement of Rule 62(d) should be waived, the court is to consider the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Dillon v. City of Chicago, 866 F.2d 902, 904-905 (7th Cir. 1988) (internal quotations and citations omitted). "Even when a notice of appeal is filed, 'divest[ing] the district court of jurisdiction over any matters dealing with the merits of the appeal, . . . the district court retains jurisdiction over any issues relating to the enforcement of the judgment or the supersedeas bond.'" Press Ganey Assocs., Inc. v. Dye, No. 3:12-CV-437, 2014 WL 1874897, at *1 (N.D. Ind. May 8, 2014) (*quoting* Sheldon v. Munford, Inc., 128 F.R.D. 663, 665 (N.D. Ind. 1989)).

The Diocese has addressed the Dillon factors and maintains each factor weighs in its favor. The Diocese first asserts that the court and Mrs. Herx need not worry about the Diocese's finances – assuming that Mrs. Herx ultimately prevails, the Diocese would be able to issue payment to her in full at the

2

conclusion of the appellate process. In support, the Diocese submits the affidavit of Joseph G. Ryan, its Chief Financial Officer, who reports that the Diocese has three funds with sufficient moneys available to satisfy any amount due to Mrs. Herx. Mr. Ryan represents that the Diocese is solvent, meets its obligations when they become due, has assets that greatly exceed its liabilities, and could pay any financial obligation to Mrs. Herx within a period of thirty days. Mot. for Stay, Exh. A (Ryan Aff.). The Diocese says its financial condition, as evidenced by Mr. Ryan's affidavit, demonstrates that posting a bond would a waste of money – Mrs. Herx's future ability to collect any amounts due to her from the Diocese isn't being endangered by the appeal. *See* Ryan Aff., ¶¶ 13-15. Lastly, the Diocese proposes that because paying for a bond would divert funds away from the charitable and pastoral mission of the Diocese, the court should consider requiring the Diocese to segregate moneys to cover the amount of the judgment and post-judgment interest into a separate, restricted fund. *See also* Ryan Aff., ¶ 9.

Mrs. Herx objects to the Diocese's request for a stay and a waiver of the bond requirement, but says that requiring the Diocese to segregate sufficient funds to protect her "judgment and anticipated award of fees, expenses, and costs into a separate and restricted account would be preferable to requiring no action by the Diocese to preserve and protect the amounts at issue." Resp., at 6-7. Mrs. Herx says that if the Diocese is permitted to create a separate account, the funds

3

paid into that account should be in an amount sufficient to cover the judgment, post-judgment interest, attorneys' fees, costs, and expenses, which Mrs. Herx says may total $1.2 million or more.

Waiver of the bond requirement "is appropriate only if the appellant has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure adequately to secure the judgment." In re Carlson, 224 F.3d 716, 719 (7th Cir. 2000). Based on the evidence submitted by the Diocese through the affidavit of CFO Ryan, the court finds that the Diocese has demonstrated its ability to satisfy the judgment and other amounts that may become due in this case. The court will waive the bond requirement and adopt the Diocese's proposed alternative that it set aside funds to satisfy the judgment. Because the issue of attorneys' fees, expenses, and costs hasn't been finalized, the court believes that estimating an appropriate amount to be set aside for those claims is premature.

Based on the foregoing, the court

(a) DENIES as moot the Diocese's motion to stay proceedings pending disposition of its post-trial motions [docket # 220];

(b) DENIES without prejudice Mrs. Herx's motion for writ of execution [docket # 252]; and

(c) GRANTS the Diocese's motion to stay enforcement of the judgment pending appeal and waive the bond requirement [docket # 255].

The court further DIRECTS that the Diocese set aside funds sufficient to satisfy the $403,607.33 judgment, together with post-judgment interest through this date, plus an additional ten percent of the amount of the judgment, in a restricted account to be used solely for that purpose. The Diocese is to establish that account within ten days of this date and file notice with the court and counsel for Mrs. Herx that it has done so.

SO ORDERED.

ENTERED:   September 24, 2015

/s/ Robert L. Miller Jr.
Judge, United States District Court